STATE of Missouri, Respondent,

v.

Ronald WARD, Appellant.

No. ED 102138

Missouri Court of Appeals,
Eastern District,
**DIVISION THREE.**

Filed: March 29, 2016

Timothy J. Forneris, 1010 Market Street, Suite 1100, St. Louis, Missouri 63101, for Appellant.

Chris Koster, Shaun J. Mackelprang, P.O. Box 899, Jefferson City, Missouri 65102, for Respondent.

## OPINION

James M. Dowd, Judge

Ronald Ward appeals his convictions following a jury trial in the Circuit Court of the City of St. Louis of four counts of first-degree statutory sodomy. In his sole point on appeal, Ward contends that the trial court erred by refusing to instruct the jury on first-degree sexual misconduct as a lesser included offense of first-degree statutory sodomy. We affirm because first-degree sexual misconduct as defined by section 566.090 [1] is *not* a lesser included offense of first-degree statutory sodomy.

---

1. All statutory references are to RSMo (Supp. 2012) unless otherwise indicated. We note

## Factual and Procedural Background

Ronald Ward was convicted of four counts of first-degree statutory sodomy, among other offenses, for engaging in a series of illicit sexual activities with his two nieces, neither of whom was above eight years old. At trial, Ward requested that the court instruct the jury on first-degree sexual misconduct, which he claims is a lesser included offense of first-degree statutory sodomy. The trial court refused and this appeal follows.

## Standard of Review

■ Where the issue is preserved, we review *de novo* a trial court's decision whether to give a jury instruction requested under section 556.046, and if the statutory requirements for giving such an instruction are met, a failure to give a requested instruction is reversible error. *State v. Jackson*, 433 S.W.3d 390, 395 (Mo.banc 2014) (footnote omitted).

## Discussion

An offense is a lesser included offense when (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it is specifically denominated by statute as a lesser degree of the offense charged; or (3) it consists of an attempt to commit the offense charged or to commit an offense otherwise included therein. Section 556.046.1(2).

■ At the time of Ward's offenses, first-degree sexual misconduct was defined by section 566.090 as "purposely subject[ing] another person to sexual contact without that person's consent." First-degree statutory sodomy, however, was defined by section 566.062 as "ha[ving] devi-

ate sexual intercourse with another person who is less than fourteen years old." Therefore, first-degree sexual misconduct could not be proved by the same or less than all of the facts required to prove first-degree sodomy, but only by *more* facts, namely that the sexual act was committed both "purposely" and "without consent" of the victim.

■ Moreover, first-degree sexual misconduct is not denominated by statute as a lesser degree of first-degree statutory sodomy, and it does not consist of an attempt to commit the latter offense. Thus, first-degree sexual misconduct as defined by section 566.090 does not satisfy any of the subparts of section 566.046.1(2) and therefore is not a lesser included offense of first-degree statutory sodomy.

Our holding is consistent with *State v. Greenlee*, 327 S.W.3d 602, 621 (Mo.App. E.D. 2010), in which this Court held that first-degree sexual misconduct as defined by section 566.090 is not a lesser included offense of first-degree statutory sodomy because the former requires proof of "lack of consent." *Id.*

Ward's argument is based entirely on the principle that a person under the age of fourteen can never legally consent to any kind of sexual activity. *State v. Stokely*, 842 S.W.2d 77, 81 (Mo.banc 1992). In Ward's view, the inability of a person under the age of fourteen to legally consent to sexual activity demonstrates that first-degree statutory sodomy, like first-degree sexual misconduct, requires proof of lack of consent. Thus, Ward concludes, first-degree sexual misconduct is included in first-degree statutory sodomy because the former may be established by proof of the same or less than all the facts required to

that subsequent to Ward's crimes, in 2013, the offense of first-degree sexual misconduct was transferred to section 566.101 and re-

named second-degree sexual abuse. The elements of the offense were not altered.

prove the latter offense. However, as *Stokely* confirms, the inability of a person under the age of fourteen to legally consent to sexual activity actually demonstrates that "[a]ge is the essential element" in statutory sexual offenses such as statutory sodomy, and thus the intent of the perpetrator and the consent of the victim are *irrelevant. Id.* (holding that mistake as to the age of the victim is no defense to statutory rape); *see also State v. Ybarra,* 386 S.W.2d 384, 386 (Mo.banc 1965) (holding that "intent and motive play but little if any part in [statutory rape]"); *State v. Baker,* 276 S.W.2d 131, 133 (Mo. banc 1955) (stating that in prosecution for statutory rape, "consent . . . become[s] immaterial"). Indeed, that is why section 566.062 plainly does *not* require proof of lack of consent to establish first-degree statutory sodomy. Point denied.

## Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Robert M. Clayton III, P.J., and Lawrence E. Mooney, J., concur.